Robert E. Hecathorn and Frances Hecathorn v. Commissioner.
Hecathorn v. Commissioner
Docket No. 4657-69.
United States Tax Court
T.C. Memo 1972-81; 1972 Tax Ct. Memo LEXIS 179; 31 T.C.M. (CCH) 320; T.C.M. (RIA) 72081; March 30, 1972, Filed. Robert E. Hecathorn, pro se, 216 North 90th St., Mesa, Ariz., Roger Rhodes, for the respondent. STERRETT
Memorandum Findings of Fact and Opinion STERRETT, Judge: Respondent determined deficiencies in petitioners' Federal income tax for the taxable years 1965 and 1967 in the respective amounts of $566.67 and $731.58. The issues presented for adjudication are as follows: 321 1. Whether the operation of an airplane during the year 1965 constituted a trade or business within the purview of section 162, I.R.C. 1954, [1] or a venture entered into for profit under the provisions of section 212. 2. Whether *181 petitioners are entitled to a moving expense deduction for the year 1965 under the provisions of section 217. 3. Whether petitioners are entitled to charitable deductions under the provisions of section 170 in excess of the $52 allowed by respondent for each of the years 1965 and 1967. 4. Whether petitioners are entitled to an interest expense deduction for the year 1965 under the provisions of section 163. 5. Whether petitioners are entitled, for the year 1967, to a casualty loss deduction for several items under the provisions of section 165(c)(3). Findings of Fact Some of the facts have been stipulated. The stipulations together with the exhibits attached thereto are incorporated herein by this reference. Robert E. Hecathorn (hereinafter referred to as petitioner) and Frances Hecathorn are husband and wife and their legal residence was Mesa, Arizona, as of the date their petition was filed with the Tax Court. Their joint Federal income tax returns for the calendar years 1965 and 1967 were filed on the cash basis with the district director of internal revenue at Phoenix, Arizona. Petitioner is a millwright, one who installs mechanical equipment. He was employed in such *182 a position for approximately 3 or 4 years in Page, Arizona. In January of 1965, having completed his job, petitioner moved to Phoenix, Arizona, where he began working for Eby Construction Company. In May of the same year, petitioner moved to Missouri to begin working on a new job for Eby. Sometime thereafter he returned to Arizona. Petitioner purchased an airplane in 1963. The total cost and amount financed are uncertain. He reported on his tax returns income and expenses from the operation of the aircraft in the amounts and for the years as set forth below: [2] 1963
1964
1965
Income reported
$ 332.00
$ 217.00
$ 150.00
Expenses claimed
2,366.96
1,948.63
2,729.96 Petitioner sold the airplane in 1965, reporting a loss of $828.84. [3]
Petitioner made contributions to the Methodist Church during the years in issue. The amounts so contributed and the specific churches to which contributed cannot be ascertained from the record. During the years in issue petitioner *183 had in his possession a mobile home. On September 27, 1965, petitioner purchased a 1965 Ford Mustang. He provided a down payment of $274 and financed the remaining $2,401.82 (including insurance) over a 36-month period. Each month petitioner was required to pay $79.71 toward the payment of the car. Twelve dollars and ninety-nine cents of this amount constituted interest. Payments were required to be made as of October 25, 1965. Petitioner failed to make the February and March 1967 payments. The car was repossessed March 29, 1967. On or about January 11, 1967, Ben B. Stevens (hereinafter referred to as Stevens) and Ron Goodrich (hereinafter referred to as Goodrich) seized petitioner's mobile home by reason of petitioners' delinquency in payment of their 1966 tax liability. In effecting the seizure Stevens and Goodrich placed "warning tags" on the trailer and put a chain and lock over the door handle. Neither party entered the trailer. Petitioner deducted the following expenses for the years in issue, which were fully or partially disallowed by respondent: 322 1965
1967
1967
Respondent
Deducted
Disallowed
Deducted
Business Expense--Airplane Taxes
$ 81.50
Rent
180.00
Repairs
158.90
Insurance
509.40
Loss on sale
828.84
Interest
438.04
Miscellaneous
533.28
2,729.96
[4] 2,579.96
Moving Expense
302.95
302.95
Charitable Contribution Methodist Church
350.00
Miscellaneous
35.00
385.00
333.00
Interest Expense Mobile Home
375.55
Car
77.86
453.41
453.41
Casualty Loss Auto Accident
Tools Stolen
House Robbery
Mustang Stolen
Statutory Limitation
*184 1967
Respondent
Deducted
Disallowed
Business Expense--Airplane Taxes
Rent
Repairs
Insurance
Loss on sale
Interest
Miscellaneous
Moving Expense
Charitable Contribution Methodist Church
520.00
Miscellaneous
50.00
570.00
518.00
Interest Expense Mobile Home
Car
Casualty Loss Auto Accident
293.35
Tools Stolen
400.00
House Robbery
1,925.00
Mustang Stolen
1,485.00
4,103.35
Statutory Limitation
400.00
3,703.35
3,703.35
Petitioner, though given substantial opportunity, has produced no evidence supporting his claimed deductions. Opinion Issue 1: Section 162 or 212 Expenses The first issue presented for determination relates to whether the operation of an airplane constituted a trade or business or a venture entered into for profit. It is well established that the existence of a genuine profit motive is the most important criterion in determining whether a taxpayer's activities constitute the carrying on of a trade or business or transaction entered into for profit. *185 Lamont v. Commissioner, 339 F. 2d 377 (C.A. 2, 1964), affirming a Memorandum Opinion of this Court; Hirsch v. Commissioner, 315 F. 2d 731 (C.A. 9, 1963), affirming a Memorandum Opinion of this Court. This motive or intent must of necessity be determined from the facts of record. On the facts presented in the instant case we must conclude petitioner did not have a profit motive during the year in issue. In support of this conclusion we note that in 1963, the year of acquisition, petitioner reported a net business loss of $2,034.96. In 1964 the loss reported totaled $1,731.63. Finally, in 1965, the year in issue and the year petitioner sold the plane, he reported a loss of $2,579.96. In addition, though given every opportunity, petitioner has failed to produce a shred of evidence documenting his contention. His entire case rests on self-serving testimony which, due to its vagueness and conflicting nature, can be given little weight. However, even if we were to hold that petitioner had the required profit motive we would still be required to disallow the expenses as petitioner has failed to substantiate any of the expenses allegedly connected therewith, and *186 has therefore failed to satisfy his burden of proof [5]323 Consolidated-Hammer Dry Plate & Film Co. v. Commissioner, 409 F. 2d 1077 (C.A. 7, 1969), affirming 49 T.C. 153 (1967); Bay Sound Transportation Co. v. United States, 410 F. 2d 505 (C.A. 5, 1969). Upon an examination of the entire record we conclude that petitioner did not have a profit motive, and therefore, respondent's deficiency determination must be sustained in that regard. Issue 2: Moving Expenses The second issue relates to petitioner's ability to deduct certain moving expenses under the provisions of section 217, which states in part: SEC. 217. MOVING EXPENSES. (a) Deduction Allowed. - There shall be allowed as a deduction moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee *187 at a new principal place of work. * * * (c) Conditions for Allowance. - No deduction shall be allowed under this section unless - * * * (2) during the 12-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer is a full-time employee, in such general location, during at least 39 weeks. The facts which gave rise to this controversy may be quickly summarized. Petitioner was employed in Page, Arizona. On completion of his work in January 1965, he moved to Phoenix where he began working for the Eby Construction Company. In May of the same year petitioner moved to Missouri. He deducted the expenses incurred in moving from Page, to Phoenix. Respondent disallowed the deduction asserting that petitioner did not meet the 39-week rule enunciated in section 217(c)(2). We must agree. Taxpayer worked from January to May, in Phoenix, a total of 22 weeks. This clearly does not meet the requirements of the statute. We therefore must disallow petitioner's moving expenses. Issue 3: Charitable Deductions Petitioner claimed charitable contributions of $385 in 1965 and $570 in 1967. Respondent disallowed a substantial portion *188 of these deductions, asserting that petitioner has failed to substantiate them. "[Respondent's] * * * ruling has the support of a presumption of correctness, and the petitioner has the burden of proving it to be wrong", Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner has failed to satisfy his burden. He has introduced absolutely no evidence supporting his claimed contributions. He did not remember the churches which he stated that he gave money to. We therefore sustain respondent's determination. Issue 4: Interest Expense Deductions The fourth issue presented for determination relates to whether petitioner is entitled to an interest expense deduction under the provisions of section 163. We are again concerned with petitioner's substantiation of deductions. He claimed $453.41 in interest expense, allocable to payments toward the purchase of a mobile home and an automobile. Respondent disallowed the entire amount for want of proof. The facts noted above indicate that petitioner purchased a car in September, 1965. Financing payments began as of October. Of each *189 of the three $79.71 monthly payments made in 1965, $12.99 represented interest. Therefore, petitioner is entitled to deduct $38.97. As to the alleged interest paid on the mobile home, petitioner has once again failed to substantiate his deduction. Not only has he not shown the amount of interest supposedly paid, but he has failed to show that he made any form of payments. We therefore must disallow the interest deduction. Issue 5: Casualty Loss Deductions The last issue concerns the deductibility under section 165(c)(3) of certain casualty losses said to stem from: (1) theft of an automobile (2) auto accident (3) theft of tools (4) house robbery Respondent has once again disallowed the deduction for want of proof. We must agree with respondent. Petitioner has failed to establish any of the above-noted claims. He has not introduced police records confirming the losses. He has not proven the property's value, or that he owned the property in issue. Rather, the only pertinent evidence introduced indicates that the allegedly stolen car was repossessed for failure to make the required payments. We sustain respondent's determination. Decision will be entered under Rule *190 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. Expenses and income for 1963 also include amounts allegedly attributable to the operation of a truck.↩
3. The $828.84 loss was included within the expenses claimed on his 1965 return.↩
4. Expense allowed to the extent of income reported.↩
5. Because of petitioner's failure to substantiate the amount of any of the claimed expenses we must also disallow interest and taxes which would be allowable under sections 163 and 164 regardless of profit motive.↩